UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary Bayhi and Robert Burger,

       Plaintiffs,                   ORDER

       v.                          Civil No. 07-4597 ADM/JSM

Novartis Pharmaceuticals Corporation,

       Defendant.

---

This is one of many product-liability actions that have been filed in the District of Minnesota despite the lack of any apparent connection to Minnesota. The face of the Complaint reveals that no party is a citizen of Minnesota, no act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiff seeks to recover were suffered in Minnesota. Shortly after being filed here in November 2007, the case was transferred by the Judicial Panel on Multidistrict Litigation to the Middle District of Tennessee for consolidated pretrial proceedings. Those proceedings have now been completed, and the case was recently remanded to the District of Minnesota.

The only apparent reason plaintiffs filed the case in Minnesota was to avail themselves of Minnesota's relatively generous statutes of limitations. See Minn. Stat. § 541.05 (2012) (providing a six-year limitation period for negligence claims and a four-year limitation period for strict-liability claims); Minn. Stat § 336.2-725 (2012) (providing a four-year limitation period for warranty claims); see also Fleeger v. Wyeth, 771 N.W.2d 524, 525 (Minn. 2009) (holding that for cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004).

Transferring this case would appear to promote the interests of justice and the convenience of the parties. A transfer will place the parties in a forum that has some connection to the underlying dispute and that is more convenient for them. Additionally, it does not appear that a transfer would prejudice any party. The case would remain in federal court and, assuming the case was properly filed in Minnesota, the same choice-of-law rules would apply after the transfer. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990) (holding a transfer under 28 U.S.C. § 1404(a) does not change the law applicable in a diversity case). For these reasons, the Court orders the parties to brief the propriety of a transfer under 28 U.S.C. § 1404(a).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT the parties shall no later than April 7, 2014, file briefs of no more than 6,000 words addressing the following questions:

1. Should this action be transferred to another district pursuant to 28 U.S.C. § 1404(a)?

2. If the Court decides a transfer under 28 U.S.C. § 1404(a) is appropriate, to which district should this action be transferred?

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 18, 2014.